UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD HORTON,

    Plaintiff,

v.                                                            Case No. 1:04-CV-480

ANDRIE, INC.,                                    HON. GORDON J. QUIST

    Defendant,
_____/

**ORDER**

The Court has before it Plaintiff's appeal of Magistrate Judge Brenneman's March 21, 2005, order granting Plaintiff's motion for an expedited hearing and granting Defendant's motion to compel an independent medical examination (IME) of Plaintiff prior to surgery. Plaintiff filed his appeal on March 22, 2005, and the IME occurred the following day, as directed by Magistrate Judge Brenneman.[1] In his order granting the motions, the magistrate judge noted that there was no evidence that Plaintiff's doctor had precluded Plaintiff from traveling to Michigan for the IME, that travel to Michigan would harm Plaintiff's knee, or that a short postponement of surgery to allow for an IME would be harmful to Plaintiff's knee. In addition, the magistrate judge found that Defendant was entitled to investigate the alleged injury to Plaintiff's left knee and its medical causation, that Defendant would be irreparably harmed if it were required to wait until after surgery to conduct the IME, and that Plaintiff failed to show any substantially justified reason for failing to appear for the

---

[1] The Court's records show that Plaintiff filed his appeal at approximately 1:30 p.m. on March 22, 2005, requesting an immediate hearing on the appeal that afternoon. However, there is no indication that Plaintiff's counsel contacted either the Clerk or this Court to advise of his request for an expedited hearing.

previously-scheduled IME in Michigan. Finally, the magistrate judge reserved the right to consider a spoliation instruction, to dismiss any claim relating to Plaintiff's left knee, or to impose any other sanction in the event Plaintiff failed to appear for the scheduled IME.

Plaintiff's appeal of the magistrate judge's order is subject to the "clearly erroneous" standard set forth in 28 U.S.C. § 636(b)(1)(A). This Court has carefully read Plaintiff's appeal and concludes that the magistrate judge was not clearly erroneous in ordering Plaintiff to submit to the IME. Plaintiff does not dispute that the medical condition of his left knee is in controversy in this case. Rather, he asserts that the magistrate judge was clearly erroneous in ordering him to submit to an IME because Defendant failed to establish "good cause" as required by Fed. R. Civ. P. 35. "Good cause" exists where the movant presents facts that demonstrate a need for the information sought and lack of means for obtaining it elsewhere. Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S. Ct. 234, 243 (1964). Plaintiff contends that Defendant failed to show good cause primarily because Defendant failed to show why its examiner could not have relied upon the medical records of Plaintiff's treating physician instead of examining Plaintiff in person. Plaintiff has failed to cite any authority to support the proposition that the availability of medical records negates a party's entitlement to an IME. Based upon the circumstances, this Court concludes that the magistrate judge properly concluded that Defendant established good cause as required by Rule 35. Moreover, given the fact that Plaintiff has already submitted to the IME, Plaintiff's arguments concerning spoliation are moot. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Appeal Of Magistrate's Order (docket no. 31) is **OVERRULED**.

Dated: April 26, 2005                     /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE