UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DONALD HORTON,

    Plaintiff,

v.                                                                 Case No. 1:04-CV-480

ANDRIE, INC.,                                     HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION

Plaintiff, Donald Horton ("Horton"), has sued Defendant, Andrie, Inc. ("Andrie"), under the Jones Act, 46 U.S.C. § 688, and general admiralty and maritime law seeking maintenance, cure, and wages as a result of injuries Horton sustained while working as a crew member aboard Andrie's vessel, the Barge A-390 (the "Barge"), an unmanned tank barge. Horton claims that Andrie was negligent and that the Barge A-390 was unseaworthy, at least in part, because the Barge lacked a handhold or handrail on the stairs descending from the main deck of the Barge to the machinery room, which would have prevented Horton's fall from the stairs. Now before the Court are: (1) Horton's motion for partial summary judgment with regard to liability based upon Andrie's failure to comply with United States Coast Guard ("Coast Guard") or Occupational Safety and Health Administration ("OSHA") regulations; and (2) Horton's motion for leave to amend his complaint to withdraw and/or waive his jury demand and allege admiralty jurisdiction pursuant to Fed. R. Civ. P. 9(h). For the reasons set forth below, the Court will deny the motion for partial summary judgment and grant the motion to amend.

## I. Facts

On March 21, 2004, Horton was employed by Andrie as a member of the crew on the Barge. The tugboat M/V REBECCA LYNN was towing the Barge. At some point during the day, Horton was assigned the task, along with another employee, of carrying two canisters of welding gas from the Barge's main deck down the stairs to the machinery deck below. The stairway leading to the machinery deck is made of steel, appears to be open on both sides, and does not have handrails. As Horton and the other employee were carrying one of the tanks down the stairs, Horton slipped and lost the tank. Horton fell down the stairs and landed on top of the tank. Horton alleges that he sustained injuries to both knees as a result of the accident.

The Barge is a vessel subject to inspection by the Coast Guard. (Stump. Aff. ¶ 2, Def.'s Mem. Opp'n Ex. 2.) The Barge has been inspected by the Coast Guard every year since 1982, when it was constructed. (Id. ¶ 3.) The stairway and handhold where the injury occurred have remained unchanged from the time the Barge was issued a Certificate of Inspection by the Coast Guard in March 2000 until the present. (Id.) The Barge is not normally towed by the REBECCA LYNN. (Id. ¶ 4.) Rather, the Barge is normally towed by the tugboat M/V BARBARA ANDRIE. (Horton Dep. at 46, Pl.'s Br. Supp. Ex. B.) The REBECCA LYNN is not subject to inspection by the Coast Guard.

## II. Discussion

**A.    Motion for Partial Summary Judgment**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. Id.

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Agristor Fin. Corp. v. Van Sickle, 967 F.2d 233, 236 (6th Cir. 1992) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

Horton argues in his motion for partial summary judgment that he is entitled to judgment as a matter of law finding Andrie negligent and/or the Barge unseaworthy *per se* because Andrie violated applicable stairwell regulations which require a handrail or grab handles that would have prevented the accident. In particular, he contends that Andrie violated applicable Coast Guard and OSHA stairwell regulations. Horton is correct that a violation of a Coast Guard regulation enacted for the safety of seamen and having a connection to the injury results in a finding of negligence *per se*, bars consideration of comparative negligence, and shifts the burden of disproving causation to the defendant. See Gillespie v. U.S. Steel Corp., 321 F.2d 518, 529 (6th Cir. 1963); Poulis-Minott v. Smith, 388 F.3d 354, 363-64 (1st Cir. 2004); Fuszek v. Royal King Fisheries, Inc., 98 F.3d 514, 516-17 (9th Cir. 1996).[1] Whether a violation of an OSHA regulation produces the same consequences is doubtful, but the Court need not rule on that issue because, as explained below, neither the Coast Guard nor the OSHA regulation that Horton cites is applicable to the Barge.

Horton contends that Andrie violated the following Coast Guard regulation:

> For all types of stairways, handrails shall be fitted on both sides of the stairs. For stairways in excess of 66 inches in width, additional center handrails shall be provided. All handrails shall be fitted at a vertical height above the tread at its nosing of between 33 and 36 inches.

---

[1] A violation of a Coast Guard regulation also renders a vessel unseaworthy as a matter of law, but does not necessarily establish causation under the seaworthiness doctrine. See Wuestewald v. Foss Maritime Co., 319 F. Supp. 2d 1002, 1009 (N.D. Cal. 2004).

3

46 C.F.R. § 72.05-20(k). Horton argues that this regulation applies to the Barge because 46 C.F.R. § 72.05-20(a)(1) states that "the provisions of this section apply to all vessels." Horton fails to note, however, that § 72.05(a)(1) is part of subchapter H of Title 46, which applies specifically to "Passenger Vessels." This limitation is confirmed in 46 C.F.R. § 70.01-1, which states: "The purpose of the regulations in this subchapter is to set forth uniform minimum requirements for *passenger vessels.* The regulations are necessary to carry out the provisions of law affecting *passenger vessels . . . .*" (Italics added). Similarly, 46 C.F.R. § 70.05-1(a), regarding the application of subchapter H, states that it applies to "all U.S.-flag vessels indicated in Column 3 of table 70.05-1(a)." The vessels identified in Column 3 of the table are all vessels that are authorized to carry one or more passengers. Finally, the definition section for subpart H states that a "vessel" includes "all vessels indicated in column three of table 70.05-1(a) in § 70.05-1 that exceed 65 feet in length . . . and that carry more than six passengers-for-hire." 46 C.F.R. §70.10-1.

Andrie has also submitted evidence showing that the Barge has been inspected and is in compliance with all Coast Guard regulations. For example, Andrie has presented the Certificates of Inspection for the Barge, which are proof that the Barge complies with all applicable regulations. (3/18/05 Certificate of Inspection & 3/30/00 Certificate of Inspection, Halsey Aff. Exs. B & C, Def.'s Mem. Opp'n Ex. 1; Halsey Aff. ¶ 7.) In addition, Andrie has presented the affidavit of its expert, Douglas R. Halsey ("Halsey"). Halsey states that he has thirty years of experience in evaluating commercial vessels under applicable federal regulations, eleven of which were as a Coast Guard officer. (Halsey Aff. ¶ 2.) Halsey states that "no qualified United States Coast Guard inspector would use subchapter H for evaluation or inspection of the machinery space aboard any tank barge, including the A-390," because that subchapter "relates only to passenger vessels and does not apply to certificated unmanned tank barges such as the A-390." (Id. ¶ 5.) Halsey further states that he

4

inspected the Barge and found that the stairway of the Barge complies with subchapter D of Title 46 of the Code of Federal Regulations, which applies to unmanned certificated tank barges such as the A-390.  (Id. ¶ 6.)   This evidence, as well as the limitations imposed in subchapter H, show that 46 C.F.R. § 72.05-20 has no application to the Barge because it is not a passenger vessel.[2]

Horton's fallback position is that the Barge fails to comply with OSHA regulations.  Horton concedes that OSHA regulations do not apply to inspected vessels and that the Barge is an inspected vessel.  (Pl.'s Br. Supp. at 3.)   He argues, however, that the OSHA regulations apply to the REBECCA LYNN because it is an uninspected vessel.  In spite of the undisputed fact that Horton's injury did not occur on the REBECCA LYNN and that the REBECCA LYNN played no part in the accident, Horton attempts to rely upon OSHA regulations by making the unsupported assertion that the REBECCA LYNN and the Barge are an Integrated Tug-Barge Combination under Coast Guard regulations.  This argument is without merit for three reasons.  First, the Coast Guard defines an Integrated Tug-Barge Combination as follows:

> An Integrated Tug Barge is any tug barge combination in which a specially designed propulsion unit (tug) is mated to a cargo unit (barge) of a compatible special design or where a propulsion unit (tug) is mated to a cargo unit (barge) with a specially designed connection system such that the combined unit has operating characteristics and seakeeping capabilities which exceed, under all anticipated weather conditions, those of a tug and barge where the tug is secured in the barge notch or on fenders by means such as wire rope, chains, lines or other tackle now commonly used in offshore towing.

(Coast Guard Navigation & Inspection Circular No. 2-81, Change 1 § 1, Halsey Aff. Ex. E.)  Horton has failed to present any evidence showing that the REBECCA LYNN and the Barge meet this definition.  In fact, Horton testified in his deposition that the REBECCA LYNN normally does not

---

[2] In light of the Court's conclusion that subchapter H does not apply to the Barge, the Court finds it unnecessary to address Andrie's alternative arguments.

work with the Barge. Furthermore, Halsey states in his affidavit that the Barge is not part of an "Integrated Tug-Barge Combination." (Halsey Aff. ¶ 8.) Second, the Coast Guard has indicated that an Integrated Tug-Barge Combination must be designated as such on the Certificate of Inspection issued by the Coast Guard. (Coast Guard Navigation & Inspection Circular No. 2-81, Change 1 § 4d.) The Certificate of Inspection for the Barge contains no such designation. Finally, even if the Barge were part of an Integrated Tug-Barge Combination, the Barge would still be subject to Coast Guard regulations, not OSHA regulations. (Halsey Aff. ¶ 8.) Accordingly, Horton has failed to show that the condition of the stairway in the Barge violates any applicable safety regulation.

**B.     Motion to Amend and/or Waive Jury Demand**

Horton has also moved for an order granting him leave to amend his complaint to designate this action as one seeking relief within the Court's admiralty and maritime jurisdiction pursuant to Fed. R. Civ. P. 9(h), thus waiving his right to a jury trial on his Jones Act claim. Andrie states that it does not object to Horton's motion, so long as Horton's waiver does not impact Andrie's demand for a trial by jury. Andrie demanded a jury pursuant to 28 U.S.C. § 1873, which permits a jury trial in an admiralty case in very limited circumstances. The statute provides:

> In any case of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning any vessel of twenty tons or upward, enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between places in different states upon the lakes and navigable waters connecting said lakes, the trial of all issues of fact shall be by jury if either party demands it.

28 U.S.C. § 1873. Under this statute, a party making a proper demand is entitled to a trial by jury on all issues as permitted in any civil case. See Nice v. Chesapeake & Ohio Ry. Co., 305 F. Supp. 1167, 1185 (W.D. Mich. 1969).

6

As support for the application of § 1873, Andrie has presented an affidavit by Matthew Stump. Stump states that at the time of the accident, the REBECCA LYNN was enrolled and licensed for the coasting trade, was employed in the business of commerce and navigation between places in different states upon the Great Lakes and navigable waters connecting the Great Lakes, and weighed in excess of 20 net tons. (Stump Aff. ¶ 2, Def.'s Mem. Opp'n Pl.'s Mot. Amend Ex. C.) Horton does not dispute Andrie's argument that § 1873 applies to the circumstances of this case and that Andrie is entitled to a jury trial, and the Court concludes that Andrie has presented sufficient evidence to show that § 1873 is applicable to this case. Accordingly, the Court will permit Horton to amend his complaint to waive his right to trial by jury. However, such amendment will not affect Andrie's jury demand pursuant to 28 U.S.C. § 1873.

### III. Conclusion

For the foregoing reasons, the Court will deny Horton's motion for partial summary judgment. The Court will grant Horton's motion for leave to amend the complaint and/or waive jury demand, but such amendment shall not affect Andrie's right to a jury trial under 28 U.S.C. § 1873.

An Order consistent with this Opinion will be entered.


Dated: July 20, 2005                           /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE